# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** *et al.*, | : | CIVIL NO. 1:19-CV-1465 |
| | : | |
| Petitioners | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JUDGE CYNTHIA REED EDDY,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 9th day of October, 2019, upon consideration of petitioner's motion (Doc. 6) for reconsideration of the the court order dismissing his habeas petition for lack of standing,[1] and it appearing that petitioner fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (stating three major grounds include "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice." ), but,

---

[1] The court dismissed, for lack of standing, the habeas petition filed by petitioner Frederick Banks on behalf of Mustafa Allah Waymer, church bomb plotter; Faith Hodgepath, an Indian; Henry James Mason, manager to R. Kelly; Thousands of female human trafficking victims detained at over 9,000 massage parlors in Atlanta and beyond; and, Hamana, Austrian refugee and former Isis trapped in Syria. (Doc. 5).

instead, simply disagrees with the court's dismissal of certain claims,[2] see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that petitioner's motion (Doc. 6) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Petitioner urges the court to reconsider its decision dismissing his habeas petition and asserts that the claims against Judge Eddy were not filed on behalf of the other petitioners, rather the claims against Judge Eddy were filed on his own behalf. (Doc. 6). Petitioner fails to advance an intervening change in controlling law, or to present newly found evidence. Nor does he establish that the court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. To the extent that petitioner seeks to pursue individual claims against any of the named respondents, he may reassert such claims in a properly filed habeas petition. The court expresses no opinion as to the ultimate success of any habeas petition Banks may file.